# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-cv-20907-BLOOM/Louis

MAS LAB LLC,

      Plaintiff,

v.

IHEALTHCARE, INC. and
NOEL MIJARES,

      Defendants.

_____/

### <u>ORDER REMANDING CASE</u>

**THIS CAUSE** is before the Court upon *sua sponte* review of the record. On February 28, 2020, Defendants iHealthcare, Inc. and Noel Mijares (together, "Defendants") filed their Notice of and Petition for Removal, ECF No. [1] ("Notice"), based upon this Court's diversity and federal question jurisdiction of *Mas Labs v. iHealthcare and Noel Mijares*, Case No. 2019-032342-CA-01, originally filed in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. Upon a review of the Notice and the exhibits attached to it, the Court determines that it lacks subject matter jurisdiction as detailed below, and that this case should be remanded to the state court.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "Indeed, it

is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time."). When performing this inquiry, "all doubts about jurisdiction should be resolved in favor of remand to state court." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1245 (11th Cir. 2004) (citing *Burns v Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Univ. of S. Ala.*, 168 F.3d at 410 (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.*

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). With regard to federal question jurisdiction, the district courts have "original jurisdiction of all civil actions

arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331.

In the Complaint, ECF No. [1-1] at 1-20, Plaintiff asserts six state law claims against Defendants, including inducing breach of contract (Counts 1 and 4), interference with contractual relations (Counts 2 and 5), and interference with prospective economic advantage (Counts 3 and 6).

## A. The Court lacks diversity jurisdiction

In the Notice, Defendants contend first that the Court has diversity jurisdiction over the claims alleged in the Complaint. In support of their contention that diversity jurisdiction exists in this case, Defendants assert that Plaintiff, a Delaware corporation, alleges that Defendants are both Florida residents.[1] Defendants' assertion is misplaced for two reasons.

First, the Complaint is unclear as to whether Plaintiff is a Delaware corporation or a Florida corporation, as both are alleged. *See* ECF No. [1-1] at 1 ¶2. In addition, Plaintiff is Mas Lab LLC, indicating that it is a limited liability company, not a corporation. As the Eleventh Circuit has held on numerous occasions, "[f]or the purpose of determining diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Flintlock Constr. Servs. v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013). Thus, to sufficiently allege the citizenship of a limited liability company ("LLC"), "a party must list the citizenships of all the members of the limited liability company." *Mallory & Evans Contrs. & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). The Complaint does not list the citizenships

---

[1] The Court notes that residence, however, is distinct from citizenship and is insufficient on its own to establish diversity. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). While residence is one relevant factor in determining citizenship of an individual, it is not relevant in determining the citizenship of a LLC. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Citizenship is equivalent to domicile for purposes of diversity jurisdiction. And domicile requires both residence in a state and an intention to remain there indefinitely.") (internal citation and quotations omitted).

of the members of Plaintiff and Defendants provide no information with respect to Plaintiff's members' citizenship.

Second, Defendants may not remove this case to federal court in Florida. "When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, **provided that no defendant is a citizen of the state in which the action was brought**. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 69 (1996) (emphasis added). Where a defendant is a citizen of Florida at the time of removal, the district court lacks diversity jurisdiction. *Thermoset Corp.*, 849 F.3d at 1316. Even assuming that Plaintiff's citizenship was clear on the face of the Complaint, Defendants appear to concede in the Notice that they are citizens of Florida. As a result, removal based upon the Court's diversity jurisdiction is improper here. *See id.*, 849 F.3d at 1315 (Eleventh Circuit *sua sponte* considered diversity jurisdiction, and where one defendant was non-diverse, vacated district court's entry of summary judgment and ordered remand to state court).

### B. The Court lacks federal question jurisdiction

In the Notice, Defendants also attempt to invoke the Court's federal question jurisdiction. Defendants concede that the claims asserted in the Complaint are "ostensibly brought as state law claims" but argue that they nevertheless present embedded federal issues.

To determine whether a cause of action "arises under" federal law for purposes of section 1331, the district court applies the "well-pleaded complaint rule," which requires that the Court examine "what necessarily appears in the plaintiff's statement of his own claim[.]" *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) (citation omitted). As such, "federal jurisdiction generally exists 'only when a federal question is presented on the face of the

plaintiff's properly pleaded complaint.'" *Id.* at 831 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

The Eleventh Circuit has summarized the relevant test as whether the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (quoting *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2004)). As noted by the Eleventh Circuit, in applying this test the Court must "keep[] in mind that the Supreme Court has explained that [the exercise of federal question jurisdiction in]'*Grable* exemplifies' a 'slim category' of cases." *Id.*, 552 F.3d at 1295 (citations omitted).

In support of their argument that this case implicates issues of federal law, Defendants rely upon two paragraphs in the Complaint regarding the filing of an altered proposed contract with the United States Securities and Exchange Commission ("SEC"), a representation to the SEC that the contract was valid when Defendants knew it was fraudulent, and that Defendants filed other fraudulently altered documents with the SEC relating to the proposed contract. *See* ECF No. [1-1] at 4 ¶¶ 19-20.

Upon review, however, the Court is not convinced that the claims as pleaded in Plaintiff's Complaint "arise under" federal law for the purposes of section 1331. *See, e.g.*, *MDS (Canada) Inc. v. Rad Source Techs., Inc.*, 720 F.3d 833, 843 (11th Cir. 2013), *certified question answered*, 143 So. 3d 881 (Fla. 2014) (finding jurisdiction in a breach of contract case which implicated patent law); *Adventure Outdoors*, 552 F.3d at 1290 (finding no jurisdiction for plaintiff's negligence claims related to failure to investigate whether sting operation would violate federal law); *Blue Cross Blue Shield Health Care Plan of Ga., Inc. v. Gunter*, 541 F.3d 1320, 1322 (11th

5

Cir. 2008) (finding no jurisdiction for reimbursement claims under the Federal Employees Health Benefits Act).

First, the Court disagrees with Defendants that Plaintiff's reference to the SEC in two paragraphs of the Complaint implicates federal question jurisdiction. This reference, not tied to any particular count and without further elaboration, cannot pass the threshold requiring that the state law claims to be tied to a "disputed and substantial" federal issue. Second, although Defendants assert in conclusory fashion that there is a substantial and actually disputed federal issue at the heart of this action, Defendants make no attempt to actually articulate what that issue may be. As a result, there is no federal question jurisdiction in this case.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This matter is **REMANDED** to the Eleventh Judicial Circuit Court in and for Miami-Dade County for further proceedings.

2. The Clerk is **DIRECTED TO CLOSE** this case.

3. Any pending motions are **DENIED AS MOOT**.

4. Any pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 2, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record