UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20907-BLOOM/Louis

MAS LAB LLC,

    Plaintiff,

v.

IHEALTHCARE, INC. and
NOEL MIJARES,

    Defendants.

_____/

### ORDER ON AMENDED MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Defendants' Amended Motion for Reconsideration, ECF No. [9] ("Amended Motion"). On February 28, 2020, Defendants iHealthcare, Inc. and Noel Mijares (together, "Defendants") filed their Notice of and Petition for Removal, ECF No. [1] ("Notice"), based upon this Court's diversity and federal question jurisdiction of *Mas Labs v. iHealthcare and Noel Mijares*, Case No. 2019-032342-CA-01, originally filed in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. Upon a review of the Notice, the Court determined that it lacked subject matter jurisdiction under either diversity or federal question and remanded this case to the state court. *See* ECF No. [4] ("Remand Order"). Specifically, the Court found that diversity jurisdiction was lacking because Defendants failed to set forth the citizenships of Plaintiff's members, and that in any event, Defendants, who are alleged to citizens of Florida, are barred from removing this case. *See id*. In the Amended Motion, Defendants request reconsideration of the Court's Remand Order. For the

reasons that follow, the Amended Motion is denied.[1]

Pursuant to 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."[2] Here, the Amended Motion requires that the Court revisit its Remand Order, which it has no power to do. This is because "[u]nquestionably, § 1447(d) not only forecloses appellate review, but also bars reconsideration by the district court of its own remand order." *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1203 (11th Cir. 2011) (quoting *Harris v. Blue Cross/Blue Shield of Ala., Inc.*, 951 F.2d 325, 330 (11th Cir. 1992)). Because this case was remanded for lack of subject matter jurisdiction based on § 1447(c), the Court does not have jurisdiction to revisit the Remand Order as Defendants request. *Bender*, 657 F.3d at 1203; *see also Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 531 (6th Cir. 1999) ("[A] remand to state court divests a district court of jurisdiction such that it may not take any further action on the case.").

Even if the Remand Order had not divested this Court of jurisdiction, the Amended Motion is not well-taken. A motion for reconsideration requests that the Court grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of

---

[1] The Court denied Defendants' First Motion for Reconsideration, ECF No. [6], for failure to comply with the pre-filing conferral requirement in Local Rule 7.1(a)(3). *See* ECF No. [7]. Upon review, the Amended Motion fares no better. Defendants' "Certificate of Good Faith Conference" asserts that Defendants attempted to confer with Plaintiff via one email seeking confirmation of the citizenships of Plaintiff's members, but Defendants have missed the point. The purpose of the conferral requirement is to determine whether there is opposition to the relief sought in the filing. *See Aguilar v. United Floor Crew, Inc.*, No. 14-CIV-61605, 2014 WL 6751663, at *1 (S.D. Fla. Dec. 1, 2014) ("The purpose of the rule is to ensure judicial economy and prevent courts from considering issues the parties could agree on independently, and to ascertain whether the Court need wait for a response from the opposing party before deciding the motion."). Nevertheless, the Court considers the Amended Motion.

[2] Section 1447(d) contains two exceptions allowing review of remand orders in certain civil rights actions and in cases against federal officers or agencies. Neither exception is relevant here.

judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall,* 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam)).

Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x. 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (internal quotation marks omitted). A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood*, 300 F. App'x at 700 (citation omitted).

Here, the Amended Motion fails to address any of the three potential grounds justifying reconsideration and therefore fails to set forth any ground warranting reconsideration. In addition, Defendants' suggestion—that the Court should permit them to file an amended notice of removal because they were unable to ascertain the citizenships of Plaintiff's members, since the members of Delaware LLCs are not disclosed—appears to ignore that as Florida citizens, Defendants are barred from removing this case to federal court, regardless of the citizenships of Plaintiff's members. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *see also*

*Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 69 (1996) ("When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, **provided that no defendant is a citizen of the state in which the action was brought**.") (emphasis added). As a result, even if the Court could reconsider its Remand Order, Defendants cannot demonstrate that reconsideration is justified.

As a result, it is **ORDERED AND ADJUDGED** that the Amended Motion, **ECF No. [9]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 20, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record